By the Court,

Nelson, Ch. J.
The objection taken to the declaration is, that the breach alleged is not sufficiently comprehensive .to show a cause of action ; that, in order to this, a non-delivery of the logs should have been averred. In Gleason v. Pinney, (5 Cowen, 152,411,) the suit was upon a chattel note similar in all respects to the one in this case. It was there held, in substance, by a majority of the court, (see 5 Wend. 393,) to be a contract for the delivery of chattels; and that the measure of damages was, not the sum specified, but the value of the goods agreed to be delivered. Savage, Ch. J. dissented, being of opinion that the sum specified in the note was the debt due in dollars and cents,(a) and the stipulation for the delivery of goods a mere mode of payment. The case was carried to the court for the correction of errors, where the judgment of the supreme court was unanimously reversed. (5 Wend. 393.) Construing the note upon the principle thus settled by the court of errors, the breach alleged in this case is co-extensive with the legal import of the contract. It covers the sense and substance of the obligation as settled by judicial interpretation. The essence of the defendant’s liability is, to pay $65 according to the tenor and effect of the note ; and an averment that it has not been thus paid is consequently an appropriate mode of alleging a breach. The contract, in terms, is to pay the plaintiffs’ testator $65 in good, merchantable hemlock saw-logs, and it seems to me a most obvious conclusion, that an allegation of non-payment shows a default with all the certainty required in pleading.
Judgment for the plaintiffs.

 See Stevens v. Low, (2 Hill, 132.)